THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES S. NISBET, Respondent, v. THE CITY OF AMSTERDAM and Others, Appellants.

*Municipal corporations — reference of a claim to a common council committee not having jurisdiction — denial to the claimant of a hearing before the committee — due process of law — Laws of 1885, chap. 131, § 31 — 1892, chap. 53.*

*Held,* that under the city charter the claim should have been referred to the " committee on auditing accounts," and that no other committee had jurisdiction of it;

That, assuming that the law committee had jurisdiction, it had denied the relator permission to confront the witnesses who appeared before that committee and that such a manner of disposing of the relator's rights was not in accordance with due process of law;

That the relator was entitled to a writ prohibiting the use by the common council of the testimony taken before the law committee.

APPEAL by the defendants, The City of Amsterdam and others, from an order of the Supreme Court, made at the Schenectady

**496** PEOPLE ex rel. NISBET *v.* CITY OF AMSTERDAM.

·THIRD DEPARTMENT, DECEMBER TERM, 1895. [Vol. 90.

Special Term and entered in the office of the clerk of the county of Montgomery on the 22d day of May, 1895, directing that a writ of prohibition, heretofore issued in the action, be made absolute, restraining and prohibiting the defendants, and each and every one of them, from using and considering or taking cognizance of certain testimony or depositions of witnesses relating to the value of the services of relator rendered to the city of Amsterdam, in the Bridge street matter, taken by or before the law committee of the common council thereof, in the auditing and considering of the bill or claim of the relator, or from using, considering or taking cognizance of any finding or report or decision of said committee in reference to the bill or claim of relator for legal services, in the auditing of said bill or claim, and restraining and prohibiting said law committee and the members thereof from submitting or returning to said common council the said depositions or testimony taken by them relating to the value of relator's services, or any report, finding or decision in reference to the value of relator's services, and also from taking any other or further testimony or depositions on the subject of the value of relator's services.

*Nisbet & Hanson,* for the respondent.

*Louis H. Reynolds,* for the appellants.

HERRICK, J.:

This is an appeal from an order rendering absolute a writ of prohibition. It arises out of the same proceedings that have been considered by us at this term in the case of *The People ex rel. Nisbet* v. *The Common Council of the City of Amsterdam et al.*\*

After the claim of the relator, as allowed by the common council, had been vetoed by the mayor, it was then resubmitted to the common council and by them referred to its law committee as stated in the opinion in the last-named case. The law committee proceeded to take testimony as to the value of the relator's services. The relator requested leave of the law committee to attend such hearing and take part in said investigation, but that committee refused such request, whereupon proceedings were taken which resulted in the granting of the order which is now appealed from, which restrains

---

\* *Ante,* page 488.— [REP.

and prohibits such committee from proceeding with such investigation and from making any report of the result of their investigation to the common council.

As I have stated in the discussion of the principal case, the charter of the city of Amsterdam provides that claims against such city shall be referred to the " committee on auditing accounts," and that such provision of the statute excludes other committees from acting. The law committee was, therefore, without jurisdiction. In addition, it is to be said that the law committee was proceeding to pass upon the merits of the relator's claim, presumably with the intention of making a report thereon to the common council, without giving him an opportunity to be heard, without permitting him to confront the witnesses being examined or to cross-examine them. A claimant's rights cannot be disposed of in that way. Such a proceeding to determine a person's rights or interests is contrary to the law of the land; it is not due process of law.

The order appealed from should be affirmed, with costs and disbursements.

MAYHAM, P. J., concurred; PUTNAM, J., not acting.